**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 31 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

ROBERT MUOIO,

   Defendant - Appellant.

No. 99-2355
(D. Ct. No. CR-99-309-BB)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **BRORBY**, Circuit Judges.

  Defendant Robert Muoio appeals his conviction and sentence. We exercise

jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and affirm.

I.

  Defendant won a New Mexico state suit against several realtors in 1993.

The realtors appealed. During settlement talks pending the appeal, defendant's

counsel discovered that the realtors had made misrepresentations in their

---

  [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

interrogatory answers. The realtors agreed to settle the suit and pay defendant damages significantly in excess of the amount awarded him at trial. In addition, the parties agreed not to disclose the settlement terms or make any derogatory statements about each other.

After the settlement, defendant discovered additional facts that he believed entitled him to a larger award. He then attempted to renegotiate the terms of the agreement. When his demands went unmet, defendant threatened to report the realtors to the New Mexico State Realty Board and report their attorney to the state bar. Eventually, he carried out these threats and made disparaging statements about the realtors to their business associates.

The realtors filed suit against defendant in the U.S. District Court for the District of New Mexico, claiming breach of the settlement agreement and intentional infliction of emotional distress. They sought injunctive relief and damages. The district judge granted the realtors' summary judgment motions and, with the parties' consent, referred the case to a magistrate judge for a determination of damages. On January 11, 1996, the magistrate judge permanently enjoined defendant from further violating the settlement agreement and ordered him to pay the realtors $160,000 in damages.

At some point during the realtors' suit against him, defendant left New Mexico. After the suit ended, he became increasingly dissatisfied with the

outcome of the litigation. Defendant believed that the realtors and their lawyer had committed perjury during his state suit against them, and that the district and magistrate judges had a duty to initiate disciplinary action against the alleged perjurers. Defendant also discovered what he believed to be additional evidence of the realtors' perjury.

In early 1999, defendant traveled to Albuquerque, New Mexico, where the district and magistrate judges reside. He then mailed a letter to both judges, demanding, inter alia, that they reverse the $160,000 judgment against him. In the letter, defendant threatened to ruin the judges' reputations and subject them to a public citizen's arrest if his demands were not met. He also enclosed a flyer with the letter and threatened to distribute it to the public. The flyer accused the district judge of being involved in a nationwide conspiracy to cover up perjury. Moreover, the flyer disclosed the district judge's work phone number and home address and his wife's telephone numbers and work address.

After defendant mailed the letter, he contacted both the district judge and the magistrate judge by telephone. In his conversations with the district judge, defendant demanded that the district judge (1) file complaints with the Realtors' Association of New Mexico and the state bar, (2) publicly expose the misconduct of the realtors and their lawyer in a letter to the editor of a local newspaper, (3) throw out the $160,000 judgment against him, and (4) enter a permanent

injection against the realtors. Defendant again threatened to ruin the judges' reputations if his demands were not met.

Federal agents located and arrested defendant during one of his telephone calls to the district judge. A jury convicted him of one count of mailing threatening communications in violation of 18 U.S.C. § 876, and the trial judge sentenced him to twenty-four months in prison and one year of supervised release.

II.

A.

Defendant argues that we should reverse his conviction because it is based on conduct which is protected by the First Amendment to the U.S. Constitution. Title 18 U.S.C. § 876 provides that

> [w]hoever, with intent to extort from any person any money or other thing of value, knowingly . . . causes to be delivered . . . any communication . . . containing any threat to injure the property or reputation of the addressee or of another . . . or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

Defendant maintains that he did not threaten the district and magistrate judges in order to extort the reversal of the $160,000 judgment against him. He claims that he merely sought an investigation of the alleged perjury in his state lawsuit and that he cannot be prosecuted for this type of speech because it is protected by the First Amendment.

Defendant's argument amounts to a challenge to the sufficiency of the evidence supporting the jury's verdict.

> [I]n reviewing the sufficiency of the evidence to support a jury verdict, this court must review the record de novo and ask only whether taking the evidence – both direct and circumstantial, together with the reasonable inferences to be drawn therefrom – in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.

United States v. Hanzlicek, 187 F.3d 1228, 1239 (10th Cir. 1999). We hold that there was sufficient evidence for a jury to find beyond a reasonable doubt that defendant attempted to extort the reversal of the $160,000 judgment against him from the district and magistrate judges. Defendant traveled to the city where the judges lived in order to contact them. In his letter, defendant stated that an honest judge would reverse the judgment. Over the telephone, defendant insisted that the district judge could throw out the judgment. Defendant also threatened to ruin the judges' reputations if his demands were not met and made it clear that he knew where the district judge and his wife lived and worked.

Under § 876, extortionate threats made for private pecuniary gain are not protected by the First Amendment, even if they are accompanied by protected speech. See United States v. Hutson, 843 F.2d 1232, 1235 (9th Cir. 1988) ("Because [§ 876] is limited to extortionate threats, it does not regulate speech relating to social or political conflict."); see also United States v. Viefhaus, 168 F.3d 392, 396 (10th Cir. 1999) ("The fact that a specific threat accompanies pure

political speech does not shield a defendant from culpability."); United States v. Daughenbaugh, 49 F.3d 171, 174 (5th Cir. 1995) ("The political rhetoric accompanying the threats furnishes no constitutional shield."); United States v. Bellrichard, 994 F.2d 1318, 1322 (8th Cir. 1993) ("[A] person may not escape prosecution for uttering threatening language merely by combining the threatening language with [mention of] issues of public concern."). Because there was sufficient evidence for a jury to find that defendant violated § 876, his speech is not protected by the First Amendment.

B.

Defendant argues that the sentencing court erred when it increased his base offense level by seven points pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B3.3(b)(1) (1998). We review the district court's factual findings at sentencing for clear error and its interpretation of the sentencing guidelines de novo. United States v. Cerrato-Reyes, 176 F.3d 1253, 1263 (10th Cir. 1999).

U.S.S.G. § 2B3.3(a) expressly applies to "Blackmail and Similar Forms of Extortion," and provides for a base offense level of nine points. The guideline further states that "[i]f the greater of the amount obtained or demanded exceeded $2,000, increase by the corresponding number of levels from the table in § 2F1.1." Id. § 2B3.3(b)(1). The jury found that defendant attempted to extort the reversal of a $160,000 judgment in violation of 18 U.S.C. § 876. Guideline

2F1.1 requires the sentencing court to increase a defendant's base offense level by seven points if the amount demanded exceeds $120,000 and is not more than $200,000. See U.S.S.G. § 2F1.1(b)(1)(H), (I). Accordingly, the sentencing court added seven points to defendant's base offense level. We find no factual or interpretive error in this straight-forward application of the guidelines.

AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge